FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2012 MAR -2 A 11: 49

CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BENJAMIN ASHLEY GARDNER | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. JKB-11-2725 |
| DOUGLAS DEVENYNS | * | |
| Defendant | | |

## MEMORANDUM

Plaintiff Benjamin Ashley Gardner (Gardner) is a pretrial detainee held at the Talbot County Detention Center (Detention Center) in Easton, Maryland.[1] In his initial complaint, Gardner seeks money damages and alleges that Detention Center personnel have denied him wholesome, unspoiled, and adequate food.[2] Specifically, he claims he is repeatedly served cartons of spoiled milk, in violation of the state and federal constitutions, the Americans with Disabilities Act ("ADA"),[3] and the Rehabilitation Act of 1973 ("RA").[4] In his original and supplemental complaints, he claims that in retaliation for asserting various rights and grievances, he has been denied juice or other alternative beverages, the whole milk substitute provided is either watery or gloppy, Styrofoam cups are contaminated, and the plumbing system

---

[1] On April 20, 2010, the Court of Special Appeals of Maryland reversed Gardner's previous criminal convictions and remanded the case to the Circuit Court for Talbot County for a new trial. *See* Paper No. 9, Exhibits A and B. The remanded criminal proceeding, which appears to be sealed, is not germane to the matter before this court and shall not be considered. While Gardner's request that counsel be disbarred or otherwise sanctioned for obtaining information regarding the charges against him (ECF No. 13) is denied, the court shall direct that Exhibit A, attached to ECF No. 9, be placed under seal.

[2] His request for class action certification with regard to the claim of spoiled milk, ECF No. 1 at 6-7, is denied. *See Inmates v. Owens*, 561 F.2d 560, 562 (4th Cir. 1977). While a class action may be maintained under 42 U.S.C. § 1983, a party must first make a request for class certification under Rule 23 of the Federal Rules of Civil Procedure. Because the rights of many persons may be affected in a class action, such an action will not be certified unless counsel has been retained or appointed to represent the class. *See Oxendine v. Williams*, 509 F.2d 1405, 1406 (4th Cir. 1975). There is no showing here that class action certification is necessary or that appointment of counsel at this stage in the proceedings is required.

[3] *See* Americans With Disabilities Act of 1990, 42 U.S.C.A. § 12101 *et seq.*

[4] *See* Rehabilitation Act of 1973, 29 U.S.C.A. § 701 *et seq.*

contaminates the water.[5] ECF Nos. 1, 4, 7 and 8. The case is now before the court on defendant Devenyns' Motion to Dismiss (ECF No. 9) as supplemented (ECF No. 14), which shall be construed as a motion for summary judgment.[6] Upon review of the papers filed, the court finds a hearing unnecessary. *See* Local Rule 105.6 (D. Md. 2011).

**Standard of Review**

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to prove the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 554 (2007). "[S]omething beyond the mere possibility of loss causation must be alleged, lest a plaintiff with a 'largely groundless claim' be allowed to 'take up the time of a number of other people...'" *Id.* at 557-58 (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005)). "[T]hreadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court must "accept the well-pled allegations of the complaint as true" and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). However, "because the court is testing the legal sufficiency of the claims, the court is not bound by plaintiff's legal conclusions." *Takacs v. Fiore*, 473 F. Supp. 2d 647, 651 (D. Md. 2007).

---

[5] Gardner's allegations that his legal mail is tampered with, first raised in ECF No. 7 and set forth in greater detail in his "Motion/Affidavit Requesting Temporary Restraining Order" (ECF No. 21), will not be addressed in this lawsuit. The court has been deluged with motions filed by Gardner, making it unlikely that Detention Center personnel are deliberately attempting to preclude him from fully litigating this case. Gardner is free to file any appropriate action concerning access to the courts and/or interference with legal mail and may request the forms for filing same from the Clerk.

[6] The pleadings will be treated as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure because materials outside the four corners of the pleadings have been considered. *See Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007).

**Motion for Summary Judgment**

Fed. R. Civ. P. 56(a) provides that:

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

**Analysis**

Before this court can examine the merits of Gardner's claims, it must first resolve defendant's affirmative defense that Gardner has failed to properly exhaust administrative

remedies with respect to any of his claims, as required under the Prison Litigation Reform Act (PLRA). The PLRA provides, in pertinent part:

> (a) Applicability of administrative remedies
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e. As a prisoner, plaintiff is subject to the strict requirements of the exhaustion provisions. It is of no consequence that plaintiff is aggrieved by a single occurrence or by a plethora of problems presented in the context of a general conditions-of-confinement claim. *See Porter v. Nussle*, 534 U.S. 516, 528 (2002) (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct). Exhaustion is also required even though the relief sought is not attainable through resort to the administrative remedy procedure. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). A claim that has not been exhausted may not be considered by this court. *See Jones v. Bock*, 549 U.S. 199, 220 (2007).

It is apparent from the chronology set out in defendant's motion to dismiss that Gardner initiated the Detention Center's administrative grievance process concerning his complaints about the milk several days prior to filing the instant action. ECF No. 14, Exhibit A, ¶ 3, Affidavit of Douglas C. Devenyns. At best, it appears that only his spoiled milk claim is exhausted and may proceed here.[7] Examination of this claim on the merits, however, provides no basis for an award of money damages.

---

[7] Gardner also filed subsequent grievances concerning the safety of the Detention Center's drinking water. This claim was not exhausted at the time he initiated the instant lawsuit, and thus is subject to dismissal. In any event, defendant provides documentary evidence that the water at the Detention Center is safe to drink. ECF No. 14, Attachment 1, ¶¶ 5-6, and Attachment 2. Gardner's claim that spoiled milk was provided to punish him or retaliate against him also does not appear to be exhausted.

4

The constitutional protections afforded a pre-trial detainee as provided by the Fourteenth Amendment are co-extensive with those provided by the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "Due process rights of a pretrial detainee are at least as great as the eighth amendment protections available to the convicted prisoner." *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992) (citing *Martin v. Gentile*, 849 F. 2d 863, 870 (4th Cir. 1988)); *see also Riley v. Dorton*, 115 F.3d 1159, 1167 (4th Cir. 1997) (pre-trial detainee's Fourteenth Amendment right with respect to excessive force is similar to prisoner's Eighth Amendment right). The inquiry with respect to conditions of confinement is whether those conditions amount to punishment of the pre-trial detainee because due process proscribes punishment of a detainee before proper adjudication of guilt. *Wolfish*, 441 U.S. at 535. "[N]ot every inconvenience that is encountered during pre-trial detention amounts to 'punishment' in the constitutional sense." *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). A particular restriction or condition of confinement amounts to unconstitutional punishment in violation of the Fourteenth Amendment if it is imposed by prison officials with the express intent to punish or it is not reasonably related to a legitimate, non-punitive goal. *Wolfish*, 441 U.S. at 538–39 (restrictions or conditions that are arbitrary or purposeless may be considered punishment). In determining whether the challenged conditions amount to punishment, it is not the province of this court to determine how a particular prison might be more beneficently operated; the expertise of prison officials must be given due deference. *See Sandin v. Conner*, 515 U.S. 472, 482 (1995).

Plaintiff, who is confined to a wheel chair, suffers from numerous physical ailments: gout, diabetes, high blood pressure, angina, morbid obesity, bone diseases, herniated discs and

5

complications, osteoarthritis, sleep apnea, and acid reflux.[8] He is on a calorie restricted diet. ECF 1, at 4. He claims he has lost more than 30 pounds not as a result of his low calorie diet, but rather as a result of gastric upsets caused by consuming the spoiled milk provided by the Detention Center.

As a general rule, the food served to inmates should be good, wholesome, clean, and palatable. However, claims of occasional incidents of tainted food or food containing foreign objects, while regrettable, do not raise a question of constitutional proportion. *See Lunsford v. Reynolds*, 376 F. Supp. 526 (W.D. Va. 1974). Indeed, such allegations simply raise a problem of internal prison administration to be dealt with by prison authorities as best they can. *See Sinclair v. Henderson*, 331 F. Supp. 1123, 1126 (E.D. La. 1971). Furthermore, while the deliberate and unnecessary withholding of food essential to normal health can violate the Eighth Amendment, *Cunningham v. Jones*, 567 F.2d 653 (6th Cir. 1977), there is no evidence of such misconduct here.

Gardner's September 13, 2011 Inmate Request Form complaining about the milk sparked an investigation into whether the expiration date for the cartons in question had passed. It had not. Gardner submitted another Inmate Request Form the following day, and the milk was retained for testing. ECF No. 4 at 10-11. On September 16, 2011, Gardner began receiving powdered milk

---

[8] Gardner did not use the Detention Center's exhaustion process to complain of violations under the ADA or RA. In any event, to establish a prima facie case under Title II of the ADA, he would have to show that: (1) he has a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities for which he was otherwise qualified; and (3) the exclusion, denial of benefits, or discrimination was by reason of his disability. *See Constantine v. George Mason Univ.*, 411 F.3d 474, 498 (4th Cir. 2005); *Baird v. Rose*, 192 F.3d 462, 467 (4th Cir. 1999). States are obligated to make "reasonable modifications" to enable the disabled person to receive the services or participate in programs or activities. 42 U.S.C. § 12131 *et seq.* A reasonable modification does not require the public entity to employ any and all means to make services available to persons with disabilities. Rather, the public entity is obligated to make those modifications that do not "fundamentally alter the nature of the service or activity of the public entity or impose an undue burden." *Bircoll v. Miami-Dade County*, 480 F.3d 1072, 1082 (11th Cir.2007). There is no showing that the ADA or RA is implicated in the claim concerning food at issue here. Moreover, Gardner has failed to establish that he is disabled within the meaning of the ADA or RA, and there is no any evidence that Gardner was discriminated against because of a disability. Accordingly, his unexhausted ADA and RA claims fail.

rather than milk in a carton. *Id.* at 1. On October 11, 2011, he submitted a Request Form and also filed a grievance concerning the dark substance found in his powdered milk. ECF No. 8, Addendum at 1 and 3. The matter of milk quality was discussed with a staff member the following day. ECF No. 7 at 3-4. On October 13, 2011, defendant notified Gardner that the substance likely occurred as a result of the water system being flushed. ECF No. 8, Addendum at 1. Four days later, defendant provided Gardner with the nutritional information concerning the powdered milk. *Id.* at 11-12. Ultimately, and after consultation with medical staff, Gardner was transitioned from milk to juice provided in sealed containers. ECF No. 14, Exhibit A, ¶ 7. Nothing more is constitutionally required.[9]

A complaint that alleges retaliation in wholly conclusional terms may safely be dismissed on the pleading alone. *See Gill v. Mooney,* 824 F.2d 192, 194 (2nd Cir. 1987) (quoting *Flaherty v. Coughlin,* 713 F.2d 10, 13 (2nd Cir. 1983)); *Pierce v. King,* 918 F. Supp. 932, 945 (E.D. N.C. 1996) (conclusional allegations of retaliation insufficient to state claim).

> Retaliation, though it is not expressly referred to in the Constitution, is nonetheless actionable because retaliatory actions may tend to chill individuals' exercise of constitutional rights. *Perry v. Sindermann,* 408 U.S. 593, 597 (1972). Where there is no impairment of the plaintiff's rights, there is no need for the protection provided by a cause of action for retaliation. Thus, a showing of adversity is essential to any retaliation claim.

*American Civil Liberties Union of Maryland, Inc. v. Wicomico County, Md.,* 999 F.2d 780, 785 (4th Cir. 1993). There is no showing of retaliatory, punitive action here. Defendant is entitled to summary judgment. To that end, a separate Order shall be entered forthwith in accordance with this Memorandum.

---

[9] To the extent Gardner's complaint sets forth any state claims, this court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367 to consider same.

March 1, 2012
(Date)

_____
James K. Bredar
United States District Judge